IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| MEHMOOD ALI MAKNOJIA, | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | |
| | § | |
| | § | |
| MARKWAYNE MILLIN, SECRETARY, | § | |
| U.S. DEPARTMENT OF HOMELAND | § | |
| SECURITY TODD LYONS, ACTING | § | CIVIL ACTION NO. 9:26-CV-00381 |
| DIRECTOR, U.S. IMMIGRATION AND | § | JUDGE MICHAEL J. TRUNCALE |
| CUSTOMS ENFORCEMENT (ICE) | § | |
| MARCOS CHARLES, ACTING | § | |
| EXECUTIVE ASSOCIATE DIRECTOR, | § | |
| ICE AND REMOVAL OPERATIONS | § | |
| WARDEN, IAH SECURE ADULT | § | |
| DETENTION FACILITY TODD | § | |
| BLANCHE, U.S. ATTORNEY GENERAL, | § | |
| | § | |
| *Respondents*. | § | |

## ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

Before the Court is Petitioner Mehmood Ali Maknojia's Petition for Writ of Habeas Corpus (the "Petition") [Dkt. 1]. For the following reasons, the Petition is **DENIED**.

### I. BACKGROUND

Petitioner Mehmood Ali Maknojia ("Ali Maknojia") is a Pakistani national. [Dkt. 1 at 2]. On November 13, 2025, United States Immigration and Customs Enforcement ("ICE") detained Ali Maknojia. *Id.* at 2.

On May 27, 2026, Ali Maknojia brought a habeas corpus petition, claiming (1) a violation of the Fifth Amendment's Due Process Clause because of his prolonged detention, and (2) a violation of the Immigration and Nationality Act because his removal is not reasonably foreseeable. [Dkt. 1].

1

## II. LEGAL STANDARD

Habeas petitions under 28 U.S.C. § 2241 serve the "sole function" of challenging the legal basis for the petitioner's detention. *Pierre v. U.S.*, 525 F.2d 933, 935–36 (5th Cir. 1976). Section 2241 entitles five classes of prisoners to habeas relief, including prisoners held "in violation of the Constitution or laws, or treaties of the United States." 28 U.S.C. § 2241(c)(3). In a habeas proceeding, the petitioner bears the burden of proof and must demonstrate by a preponderance of the evidence that he is being held unlawfully. *Villanueva v. Tate*, No. H-25-3364, 2025 WL 2774610 at *4 (S.D. Tex. Sep. 26, 2025).

## III. DISCUSSION

Ali Maknojia filed two claims with his petition: (1) a violation of the Fifth Amendment's due process clause because of his prolonged detention, and (2) a violation of the Immigration and Nationality Act because his removal is not reasonably foreseeable. [Dkt. 1].

*Zadvydas v. Davis* provides that aliens pending removal pursuant to 8 U.S.C. § 1231 cannot be detained indefinitely. 533 U.S. 678, 699 (2001). "[O]nce removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Id.* Courts "must ask whether the detention in question exceeds a period reasonably necessary to secure removal," considering "the greater immigration-related expertise of the Executive Branch," "the serious administrative needs and concerns inherent in the necessarily extensive INS efforts to enforce this complex statute," and "the Nation's need to 'speak with one voice' in immigration matters." *Id.* at 700.

As guidance, the Supreme Court assumed a "presumptively reasonable period of detention" of six months. *Id.* at 700–01. After this six month period has elapsed, the alien has the burden of demonstrating "good reason to believe that there is no significant likelihood of removal in the reasonably near future." *Id.* at 701. In an attempt to carry that burden, Ali Maknojia relies on the

2

fact that the "Respondents have failed to secure travel documents or demonstrate that removal is likely in the near future." *Id.* at 7.

However, Ali Maknojia acknowledges in his petition that ICE is working to remove him. [Dkt. 1-4 at 3–4]. If this is the case, *at this time* there is no "good reason to believe that there is no significant likelihood of removal in the reasonably near future." *Zadvydas*, 533 U.S. at 701.

## IV. CONCLUSION

It is therefore **ORDERED** that Ali Maknojia's Petition for Writ of Habeas Corpus [Dkt. 1] is hereby **DENIED**. All pending motions are hereby **DENIED AS MOOT** and any future hearings are **CANCELLED**. This constitutes a **FINAL JUDGMENT** and the Clerk is **INSTRUCTED** to close this matter.

**SIGNED this 22nd day of June, 2026.**

Michael J. Truncale
United States District Judge

3